Argued April 26; reversed May 24, 1932.

## BARNES *v.* BARNES

(11 P. (2d) 547)

*E. E. Kelly* and *E. C. Kelly,* both of Medford, for appellant.

*J. H. Carnahan,* of Klamath Falls, for respondent.

KELLY, J.   On March 5, 1931, a decree was rendered granting plaintiff a divorce from defendant and

the custody of two of the four minor children of said parties.

On June 13, 1931, the same being the last day of the term of court at which said decree was rendered, upon motion of plaintiff, an order was entered vacating and setting aside said decree of divorce and granting plaintiff leave to file an amended complaint.

On said 13th day of June, 1931, plaintiff filed an amended complaint.

On the 19th day of June, 1931, defendant, upon motion then filed therefor, procured an order setting aside and rescinding said order of June 13, 1931.

Plaintiff's motion to set aside said default divorce decree was not served upon defendant. A copy of defendant's motion to vacate said order, setting aside said divorce decree, was deposited in the postoffice at Klamath Falls on the day of its filing addressed to plaintiff's attorneys at Medford, Oregon. Other than this, no service thereof was made.

Plaintiff insists that the order of June 19, 1931, vacating the order setting aside the decree of divorce, is invalid for the reason that no notice of defendant's motion therefor was served upon plaintiff.

In an action or suit, until the defendant appears he is not entitled to be heard therein, or in any proceeding pertaining thereto, except the giving of the undertakings allowed to the defendant in the provisional remedies of arrest, attachment and the delivery of personal property. Section 7-405, Oregon Code 1930.

"A defendant appears in an action or suit when he answers, demurs, or gives the plaintiff written notice of his appearance." Ibid.

It cannot be said that mailing a copy of a motion in Klamath Falls addressed to plaintiff's attorneys in Medford, Oregon, on the 19th day of June, 1931, where the record affirmatively discloses, as in the instant

case, that said copy was not received by plaintiff's attorneys until June 21, 1931, constitutes such a giving of written notice of appearance as to entitle defendant to be heard upon said motion on said 19th day of June, 1931. For this reason, the order of June 19, 1931, was unauthorized and ineffective.

Defendant insists that the order of June 13, 1931, was invalid for the reason that no notice was given defendant of the filing of the plaintiff's motion therefor; for the further reason that no offer was made by plaintiff to return to defendant the property received pursuant to the property settlement of the parties.

■ When the order vacating the divorce decree was entered, defendant was in default. He had made no appearance. There is nothing to indicate that he was imprisoned for want of bail and no direction to serve him with notice of plaintiff's motion was given by the court or judge. Under these circumstances, the statute provides that notice of a motion need not be served upon him: Section 7-405, Oregon Code 1930.

■ The decree, which was set aside, simply dissolved the marital contract between plaintiff and defendant and awarded to plaintiff the care and custody of the two younger children. No property was decreed to her. By setting aside such a decree, the former status was fully restored.

We express no opinion as to the validity or invalidity of the agreement of the parties concerning their property rights, because an issue thereon is tendered in plaintiff's amended complaint.

The order of the circuit court, entered on June 19, 1931, vacating its order of June 13, 1931, is reversed; said order of June 19, 1931, is vacated and annulled; and this cause is reversed and remanded for further proceedings not inconsistent herewith.

BEAN, C. J., RAND and ROSSMAN, JJ., concur.